FEDERAL SAVINGS & LOAN INSUR-
ANCE CORP., as receiver for Sunrise
Savings & Loan Assoc., Plaintiff–Ap-
pellant,

v.

D & D GOLFVIEW PROPERTIES,
INC., et al., Defendants–Appellees.

FEDERAL SAVINGS & LOAN INSUR-
ANCE CORP., as receiver for Sunrise
Savings & Loan Assoc., Plaintiff–Ap-
pellant,

v.

FLORIDA NATIONAL BANK,
Defendant–Appellee.

FEDERAL SAVINGS & LOAN INSUR-
ANCE CORP., as receiver for Sunrise
Savings & Loan Assoc., Plaintiff–Ap-
pellant,

v.

Bengt BLOOM, Defendant–Appellee.

No. 87–5539.

United States Court of Appeals,
Eleventh Circuit.

June 8, 1989.

Eben G. Crawford, Washington, D.C., for
Federal Sav. & Loan Ins. Corp.

David H. Baker, Elizabeth T. Maass,
Paul B. Erickson, Palm Beach, Fla., for
Florida Nat. Bank.

Steven R. Jacob, Boynton Beach, Fla.,
for Bloom.

Before VANCE and HATCHETT,
Circuit Judges.*

VANCE, Circuit Judge:

This action arose from the 1985 insolven-
cy of Sunrise Savings & Loan Association,
Inc. ("Old Sunrise"). The Federal Home
Loan Bank Board appointed the Federal
Savings and Loan Insurance Corporation
(FSLIC) as receiver for Old Sunrise and
created Sunrise Federal to take over cer-
tain assets of Old Sunrise. Among the
assets and liabilities transferred to Sunrise
Federal were two state court actions
brought by Old Sunrise against the Florida
National Bank and Bengt Bloom. On Sep-
tember 12, 1986 Sunrise Federal was ad-
judged bankrupt and FSLIC was appointed
as receiver. Shortly thereafter the state
court substituted the FSLIC as the plaintiff
in the Florida National Bank and Bloom
actions. FSLIC removed the two cases to
federal district court. FSLIC subsequently
moved to dismiss the counterclaims of Flor-
ida National Bank and Bloom on the
grounds that the district court had no sub-
ject matter jurisdiction. The district court
denied FSLIC's motion.

---

* Hon. William C. O'Kelley, U.S. District Judge for
the Northern District of Georgia, sat by designa-
tion as a member of the panel at oral argument.

Subsequent to oral argument, Judge O'Kelley
became disqualified. This opinion is by a quo-
rum.

The district court granted FSLIC's motion for an interlocutory appeal under 28 U.S.C. § 1292(b).

The FSLIC argues that the adjudication of receivership claims by the courts would unlawfully restrain the FSLIC's powers and functions as receiver. *See* 12 U.S.C. §§ 1464(d)(6)(C), 1729.

This position recently has been squarely rejected by the Supreme Court in *Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp.*, —— U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). ("The statutes governing FSLIC and the Bank Board do not grant FSLIC adjudicatory power over creditors' claims against insolvent savings and loan associations under FSLIC receivership, nor do they divest the courts of jurisdiction to consider these claims de novo."). Accordingly, the district court had subject matter jurisdiction over the suits.

The judgment of the district court is AFFIRMED and this case is REMANDED to the district court.